UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CESAR MARIO ROCA                          CIVIL ACTION

VERSUS                                    NO: 06-3424

BURL CAIN, WARDEN ET AL                   SECTION: J(6)

## ORDER & REASONS

Before the Court is Petitioner Cesar Mario Roca's ("Roca")
**Petition for Writ of Habeas Corpus (Rec. Doc. 1).**  The Magistrate
Judge issued a 54 page Report & Recommendation ("R&R") (Rec. Doc.
6) recommending denial of the requested writ of habeas corpus and
dismissal of the petition with prejudice.  Objections to the R&R
were due on 12/31.  Roca was granted a 15 day extension to file
objections to the R&R, and he did so on January 8 (Rec. Doc. 9).

Roca was convicted in Jefferson Parish on one count of
aggravated rape; one count of aggravated rape of a known juvenile
under the age of 12; one count of aggravated oral sexual battery
upon a known juvenile; and one count of molestation of a
juvenile.  Roca was sentenced to two consecutive terms of life
imprisonment as to the two aggravated rape counts, without
benefit of parole, probation, or suspension (along with other
inconsequential sentences for the other counts).  Roca exhausted
his state court remedies and timely filed the present petition.

The Court, having considered the record, the applicable law,
the Report and Recommendation of the United States Magistrate

Judge, and petitioner's **Objections** to the Magistrate's Report and
Recommendation (Rec. Doc. 8), hereby approves the Report and
Recommendation of the Magistrate Judge and adopts it as its
opinion herein, subject to the following amendments in response
to Roca's Objection based on his *ex post facto* law claims.

**(1) Roca's Claim that he Filed an Appellate Brief on the
Issue of *Ex Post Facto* law**

Roca objects to the R&R's conclusion that his *ex post facto*
law claim is procedurally barred under <u>Coleman v. Thompson</u> based
on the trial court's denial of a proposed supplement to his
application for post conviction relief ("PCR") that first raised
the issue under La. Code Crim. P. art. 930.4(E). Specifically,
Roca claims that he actually first raised the *ex post facto* law
issue, relying on the Supreme Court's decision in <u>Stogner v.
California</u>, 539 U.S. 607 (2003),[1] in a supplemental brief on

---

[1] <u>Stogner</u> involved a California statute that enacted a new
criminal statute of limitations allowing prosecution for sex-
related child abuse, even when the prior limitations period had
expired, if the prosecution were begun within one year of a
victim's report to police. 539 U.S.at 607  The statute was later
amended to expressly provide that the law revived causes of
action that had been time-barred under the prior statute. <u>Id</u>.
Habeas petitioner Stogner was indicted for sex-related child
abuse committed between 1955 and 1973; however, at the time the
crimes were committed, they were subject to a three year
limitations period and had thus long prescribed. <u>Id</u>. at 609-10.
The trial court dismissed the indictment, but the California
Court of Appeal reversed. <u>Id</u>. at 610. After the subsequent
denial of his dismissal motion based on the Ex Post Facto Clause
in the trial and appellate court in California, Stogner took a
writ of ceriorari to the Supreme Court. <u>Id</u>  In a lengthy
historical discussion of the Ex Post Facto Clause, the Court held

direct appeal of his conviction and sentence. Roca contends that a signed and dated copy of this alleged supplemental brief was appended to his habeas petition. Most importantly, Roca claims that this brief was filed on *November 7, 2003*, long before his PCR application and the proposed supplement to that application. Thus, Roca disputes the R&R's conclusion that the trial court's denial of the proposed supplement to his PCR application under La. Code Crim. P. art. 930.4(E) constituted independent and adequate grounds for denial of the application. Essentially, Roca seems to argue that his *ex post facto* law claim was first raised in a supplemental brief in 2003 before the Louisiana Fifth Circuit Court of Appeal. The timing of these filings is crucial, given that the <u>Stogner</u> decision on which Roca relies for his *ex post facto* law claim was rendered in June of 2003.

The Court finds that Roca's objection should be overruled. First of all, his PCR application in May of 2005 was denied by the state trial court on May 18. His proposed supplement to the PCR application was not filed until May 19, 2005, and was then denied as repetitive on May 24, 2005. Thus, even if Roca did raise the <u>Stogner</u> issue in a 2003 appeal brief, he did not raise it in his first PCR application, and the state trial court's decision to deny his proposed supplement as repetitive under La.

that the Ex Post Facto Clause forbids resurrection of a time-barred prosecution. <u>Id</u>. at 633.

3

Code Crim. P. art. 930.4(E) was proper and precludes habeas review on this issue.

Additionally, it is not clear that Roca actually filed the alleged supplemental appeal brief in his 2003 appeal. While he did include a signed and dated copy of his purported supplemental appeal brief as an attachment to his petition, that copy is not "file" stamped by the Louisiana Fifth Circuit Court of Appeal. Additionally, the R&R concluded that no such supplemental appeal brief was included in the state court record. Furthermore, and as noted by the State in its response to Roca's petition, the fifth circuit's opinion does not mention any such supplemental appeal brief and does not respond in any way to an argument under Stogner regarding any issue of *ex post facto* law. Finally, the State's response indicates that the fifth circuit verified during the habeas proceedings in this Court that no such supplemental brief was ever filed in Roca's appeal. In sum, it appears that Roca never filed his purported supplemental appeal brief in the fifth circuit. In addition, even if the brief were filed, there is no indication that any state court ever ruled on the substance of his brief. Finally, while Roca did raise the *ex post facto* law issue in his writ application to the Louisiana Supreme Court after his appeal was denied, that court did not have jurisdiction to hear any such argument because it had not been brought in the lower courts. Therefore, despite Roca's contention that his

claim should be heard based on the unexplained exclusion of this supplemental appeal brief from the state court record, the Court concludes his objection on this ground should be overruled.

**(2) Roca's Claim for "Cause" as to his Procedural Default**

Roca makes a further objection to the R&R's conclusion that his *ex post facto* law claim is procedurally defaulted, arguing that he had adequate "cause" for his default. Specifically, Roca asserts that the Magistrate Judge ignored Louisiana Code of Criminal Procedure Articles 930.8(2) and 930.4(F) in finding his *ex post facto* law claim procedurally defaulted.

Article 930.8(2) provides in pertinent part:

> A. No application for post-conviction relief . . . shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
>
> . . .
>
> (2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.

La. Code Crim. Proc. Art. 930.8(2). Roca claims that <u>Stogner</u>, decided by the Supreme Court on June 26, 2003 and a mere five months before his purported supplemental appeal brief, constituted a new rule of constitutional law applicable to his case, thus triggering application of Article 930.8(2). As such, Roca claims that the Magistrate Judge erred in not considering

5

whether Article 930.8(2) was applicable to his case, and whether the state courts failed to apply the article in refusing to hear his *ex post facto* law claim on the merits.

Roca's objection is unavailing for several reasons. First, as discussed above, there is no evidence that he even filed the alleged supplemental appeal brief raising his *ex post facto* law claim during his direct appeal proceedings. Second, Article 930.8(2) is inapplicable by its own terms to Roca's case because he filed his PCR application and the proposed supplement in May of 2005, *less than two years after his conviction and sentence became final* on September 30, 2004. In other words, Roca's PCR application was not filed *untimely*, which may have salvaged his claim under Article 930.8(2); rather, it was filed *repetitively*, which procedurally invalidated the claim under 930.4(E) as held by the state trial court and noted in the R&R. Thus, Article 930.8(2) is inapplicable to Roca's case and does not constitute sufficient"cause" to allow *de novo* review of his claims.

Roca also argues that the Magistrate Judge ignored Louisiana Code of Criminal Procedure Article 930.4(F). Article 930.4(F) requires a court to allow a PCR petitioner to give reasons justifying his filing of a repetitive application:

> If the court considers dismissing an application for failure of the petitioner to raise the claim in the proceedings leading to conviction, failure to urge the claim on appeal, or failure to include the claim in a prior application, the court shall order the petitioner to state reasons for his failure. If the court finds that

the failure was excusable, it shall consider the merits
of the claim.

La. Code Crim. Proc. Art. 930.4(F).  Roca asserts that the state
court's failure to afford him an opportunity to explain why he
had filed a repetitive PCR application was a violation of Article
930.4(F).  As such, Roca argues that the state court's failure to
apply Article 930.4(F) and allow him a hearing to explain his
repetitive PCR application constituted "cause" for his procedural
default.  Thus, Roca argues that the Magistrate Judge erred in
not conducting a *de novo* review of his *ex post facto* law claim
based on the "cause" of his procedural default.

Even if the state court did err in not providing Roca a
chance to state the reasons for his failure to raise the *ex post
facto* claim in his initial PCR application,[2] such error was
harmless.  First of all, aggravated rape has never carried a
limitations period in Louisiana.  Thus, any argument by Roca
under <u>Stogner</u> would have been unavailing.  Second, even if he did
have a claim under <u>Stogner</u>, Roca has not given any reason in his
Objections before this Court as to why he did not raise that
claim either on appeal or in his initial PCR application.  Thus,

---

[2] As an initial matter, it is not clear that the state court
did in fact err in not providing Roca an opportunity to give
reasons for his failure to include the *ex post facto* claim in his
initial PCR application under Article 930.4(F).  While Article
930.4(F) requires that petitioner have an opportunity to give
reasons for not including a claim in a previous PCR application,
it does not require the Court to provide an opportunity after
denial of a motion to *supplement* the application.

7

even if the state court erred by failing to order Roca to give reasons under Article 930.4(F), that error does not constitute sufficient "cause" for this Court to conduct a *de novo* review of the claim because Roca has not shown *any* cause as to why he did not make the claim in his earlier filings. Furthermore, Roca *did* raise the *ex post facto* law claim in his initial PCR application, which the state court denied on the merits. Thus, Roca's argument under Article 930.4(F) fails.

The remainder of Roca's objections do not address the R&R's factual and legal findings, but instead attempt to argue Roca's factual innocence and a conspiracy by the victims and their mothers to falsely accuse him. As such, Roca's Objections should be overruled and the R&R should be adopted as written with respect to those objections. Accordingly,

**IT IS ORDERED** that petitioner's **Objections** (Rec. Doc. 8) should be and are hereby **OVERRULED**.

**IT IS FURTHER ORDERED** that petitioner's **Petition for Writ of Habeas Corpus (Rec. Doc. 1)** should be and is hereby **DENIED with prejudice**.

New Orleans, Louisiana this __9th__ day of __February__, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE